IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Springs,<br><br>　　　　　Plaintiff,<br>v.<br><br>Savannah River Nuclear Solutions,<br><br>　　　　　Defendant. | C/A No. 1:25-cv-4773-JFA-TER<br><br><br>**MEMORANDUM OPINION AND ORDER** |

I.      **INTRODUCTION**

Plaintiff Charles Springs, ("Plaintiff") filed this employment discrimination action against Defendant Savannah River Nuclear Solutions ("Defendant"). Plaintiff asserts causes of action for failure to accommodate, and retaliation based on Plaintiff's religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] 42 U.S.C. § 2000e *et seq*. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Thereafter, Defendant filed a Partial Motion to Dismiss as to Plaintiff's causes of action for discrimination and failure to accommodate on the basis of res judicata. (ECF No. 5). After reviewing the Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendant's Partial Motion to Dismiss should be granted. (ECF No. 16). The Report

---

[1] Defendant did not move to dismiss Plaintiff's claim of retaliation. Accordingly, discussion of Plaintiff's Title VII claims herein refers only to those that are the subject of Defendant's Partial Motion to Dismiss. (ECF No. 5).

sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Plaintiff filed objections to the Report (ECF No. 19), to which Defendant filed a reply. (ECF No. 25). Thus, this matter is ripe for review.

## II.   LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

2

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

"Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).[2] "For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or

---

[2] This Court adopts the Report's statement of the law regarding res judicata. (ECF No. 16, pp. 8–10). The Undersigned further supplements that statement of law herein.

their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "The determination of whether two suits arise out of the same cause of action … does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Id*. at 355 (citation modified).

> No simple test exists to determine whether causes of action are identical for claim preclusion purposes, and each case must be determined separately within the conceptual framework of the doctrine. Generally, the court must balance the interests of the defendant and of the courts in bringing litigation to a close against the interest of the plaintiff in not being denied the right to prosecute a valid claim. The expression 'transaction' in the claim preclusion context 'connotes a natural grouping or common nucleus of operative facts. Among the factors to be considered in deciding whether the facts of the current and prior claims 'are so woven together' that they constitute a single claim 'are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'

*Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal citations omitted).

### III. **DISCUSSION**

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 16). However, a brief recitation of the factual background is necessary to address Plaintiff's objections.

Defendant's Partial Motion to Dismiss argues Plaintiff's claims are barred pursuant to res judicata because Plaintiff was also a plaintiff in a previous action: *Rhoades v.*

4

*Savannah River Nuclear Solutions, LLC*, No. 1:21-cv-3391-JMC (D.S.C.).[3] (ECF No. 5). The Report discusses the facts of *Rhoades* at length. (ECF No. 16, pp. 2–5). Importantly, *Rhoades* was filed in state court, and subsequently removed to federal court, on October 14, 2021, by seventy-nine employees and contractors placed at Defendant. The plaintiffs sought declaratory judgment, a temporary restraining order, a preliminary injunction, and a permanent injunction to block the implementation of Defendant's COVID-19 vaccine mandate. The *Rhoades* plaintiffs alleged the COVID-19 vaccine mandate constituted the illegal practice of medicine in South Carolina and averred it could not be used as means to justify terminating employment. On December 3, 2021, the *Rhoades* court denied plaintiffs' motion for a preliminary injunction—concluding that the *Rhoades* plaintiffs failed to show a likelihood of success on the merits of their claims that the vaccine mandate violated federal, state law, or public policy. On December 10, 2021, the *Rhoades* plaintiffs filed a notice of their interlocutory appeal; however, in July 2022 the plaintiffs filed an unopposed motion for the voluntary dismissal of the interlocutory appeal. Thereafter, the *Rhoades* plaintiffs filed a joint stipulation of dismissal of the *Rhoades* action with prejudice, and the case was terminated.

      This action concerns Defendant's alleged discrimination against Plaintiff based on his religious beliefs when he requested accommodations related to Defendant's COVID-19 vaccine mandate. Plaintiff asserts claims of religious-based discrimination, failure to accommodate sincere religious beliefs, and retaliation for Plaintiff's protected activity.

---

[3] Plaintiff does not challenge that he was a plaintiff in the *Rhoades* matter.

Defendant's Partial Motion to Dismiss concerns only the religious discrimination and failure to accommodate claims as the facts giving rise to the retaliation claims arose after the termination of the *Rhoades* matter. (ECF No. 5). Plaintiff argues Defendant's Motion to Dismiss pursuant to res judicata should be denied because there has been no judgment on the merits of the Title VII claims raised in the present case, and the *Rhoades* case was not based on the same cause of action as this matter. The Report recommends this Court grant Defendant's Motion to Dismiss because there was a final judgment in *Rhoades* to which both Plaintiff and Defendant were parties. (ECF No. 16, p. 19). Further, the Title VII claims arise out of the same transaction or series of transactions, or the same core of operative facts as those in *Rhoades* and could have been asserted in that case. *Id.*

Plaintiff filed four objections which require this Court to perform a *de novo* review of those portions of the Report. (ECF No. 19, pp. 4–10). Each objection is addressed herein.

<u>Objection 1</u>

For Plaintiff's first objection, he argues that the Report errs by misapplying Fourth Circuit law regarding "Identity of Cause of Action." *Id.* at 4. In sum, Plaintiff argues the Magistrate Judge erred in concluding that Plaintiff's Title VII claims share an identity of cause of action with *Rhoades* just because both actions relate to Defendant's COVID-19 vaccine mandate. *Id.* at 4–5.

Plaintiff contends that the Report erred in "ignor[ing] different origin and motivation" as to the claims in the present matter and *Rhoades*. (ECF No. 19, p. 6). Plaintiff avers "[t]he *Rhoades* action originated as a facial, collective challenge to the legality and enforceability of a vaccine mandate under state law, public policy, and federal vaccine-

6

authorization statutes," and that its motivation was to "invalidate the mandate itself and enjoin its enforcement." *Id.* Conversely, Plaintiff presents that the present action "originates from Defendant's individualized employment decisions after Plaintiff invoked his rights under Title VII and specifically involve: Plaintiff's specific religious beliefs; his personal accommodation request; Defendant's refusal to engage in an interactive process; and Defendant's handling of Plaintiff's employment status[.]" *Id.* Thus, Plaintiff states these claims are motivated not by opposition to the vaccination mandate at large as in *Rhoades*, but by religious discrimination and failure to accommodate. *Id.* at 6.

The Undersigned is not convinced this distinction warrants a determination res judicata is inapplicable. Under the doctrine of res judicata, a final judgment on the merits in an earlier matter precludes the parties from relitigating issues that were raised or could have been raised during that action. Stated differently, claim preclusion extends to claims that could have been asserted, even if not actually raised. This can be satisfied if the claims at issue in the case arise out of the same transaction or series of transactions, or the same core of operative facts.

Defendant avers this matter is barred because Plaintiff's allegations of religious discrimination for declining an accommodation for the COVID-19 vaccine mandate arise out of the same transaction or series of transactions as the claims in *Rhoades*. While Plaintiff did not raise Title VII claims in *Rhoades*, he could have done so because the facts that underly his claims in this case are sufficiently related in time, space, origin, and motivation to his claims here. For this same reason, Plaintiff's contention the Report erred in overlooking "different operative facts and proof" is without merit. Plaintiff contends that

7

the evidence relied on in *Rhoades* was scientific and regulatory arguments about vaccines and Executive Order 14042 rather than individualized determinations regarding Plaintiff's religious beliefs. Stated differently, the Court interprets this to simply allege that because a claim of religious discrimination was not raised, no evidence regarding religious discrimination was evaluated in *Rhoades*. That argument is ineffective. "Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of res judicata through artful pleading and claim splitting given that a single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Pueschel,* 369 F.3d at 355 (citation modified). Had Plaintiff made a Title VII claim in *Rhoades,* that would have then necessitated an analysis of the additional evidence regarding those claims.

In his first objection, Plaintiff also avers the Report erred in determining the actions formed a "convenient unit for trial." (ECF No. 19, p. 7). He contends that Fourth Circuit precedent requires courts to ask whether the claims, "taken together, form a convenient unit for trial." *Id.* (citing *Pittston,* 199 F.3d at 704). Plaintiff contends that the answer to that question should be in the negative because Plaintiff's Title VII claims could not have been conveniently tried alongside *Rhoades.* He argues it would have required individualized discovery into Plaintiff's job duties and accommodations options as well as other standards unique to Plaintiff and irrelevant to the other plaintiffs in the action. (ECF No. 19, p. 7). While there may have been some difficulties encountered in requiring another amendment of the complaint and a possible stay of the case in *Rhoades* to allow the Title

8

VII actions to be brought, such difficulties do not require a determination that the claims, taken together, would not form a convenient unit for trial.[4]

Finally, in his first objection Plaintiff also contends the Report erred in not considering or balancing the interests involved. (ECF No. 19, pp. 7–8). Plaintiff is referring to a statement by the *Pittston* court that "[g]enerally, the court must balance the interests of the defendant and of the courts in bringing litigation to a close against the interest of the plaintiff in not being denied the right to prosecute a valid claim." 199 F.3d at 704. The Court does not interpret *Pittston* to require a separate balancing of the interests. Rather, a balance of the interests is inherent in considering the claims' relatedness in time, space, origin, motivation, and whether the claims form a convenient trial unit as to the previous action. "There are … no grounds for a 'fairness' exception to the law of res judicata." *Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 688-89 (D. Md. 2009), *aff'd*, 378 F. App'x 326 (4th Cir. 2010).

Accordingly, Plaintiff's first objection is overruled.

<u>Objection 2</u>

In Plaintiff's second objection, he contends the Report errs in treating claims that were legally unripe as available in *Rhoades*. (ECF No. 19, p. 8). Plaintiff alleges his Title

---

[4] "But [plaintiff] does not allege he was *procedurally barred* from seeking the relief he now demands in those earlier suits. Such procedural impossibility, however, is generally viewed as the necessary predicate for making an exception to res judicata. *See* Restatement (Second) of Judgments § 25 cmt. f ('In a modern system of procedure it is ordinarily open to the plaintiff to pursue in one action all the possible remedies whether or not consistent, whether alternative or cumulative, and whether of the types historically called legal or equitable. Therefore it is fair to hold that after judgment for or against the plaintiff, the claim is ordinarily exhausted so that the plaintiff is precluded from seeking any other remedies deriving from the same grouping of facts.')" *Waldman v. Vill. of Kiryas Joel,* 207 F.3d 105, 112 n. 4 (2d Cir. 2000).

VII claims were not available to assert in the *Rhoades* action because he had not yet exhausted his administrative remedies and received a right-to-sue notice. *Id.* Further, Plaintiff points out that *Rhoades* was filed on October 14, 2021, and Plaintiff had not received the letter from Defendant notifying him that remaining unvaccinated would result in termination until November 11, 2021. *Id.* Additionally, that requirement was not effective until November 30, 2021. *Id.*

Plaintiff's objection lacks merit. First, the operative complaint in *Rhoades,* after multiple amendments, was filed on December 1, 2021. (*Rhoades* ECF No. 26). Thus, Plaintiff had received the letter from Defendant, and the vaccine mandate requirement was effective at the time the operative complaint was filed. Second, this Court finds a recent district court opinion from this district persuasive on this matter. In *Romer v. City of N. Charleston,* the district judge adopted a Report and Recommendation which found a plaintiff's Title VII claims were barred by res judicata due to not being raised in a previous action. No. 2:22-CV-04254-DCN, 2024 WL 4343709, at *7 (D.S.C. Sept. 30, 2024). Therein, the district court judge found that to avoid the res judicata bar, the plaintiff could have brought his Title VII claims in the first suit even though he had not yet received a right-to-sue letter. *Id.* He then could have requested a stay in the proceedings until he had exhausted his Title VII administrative remedies. *Id.* Here, the Court determines Plaintiff could have done the same. While Plaintiff had not received his right-to-sue letter prior to

the end of the *Rhoades* action, which was voluntarily dismissed, he could have brought his Title VII claim and requested a stay in proceedings.[5]

Accordingly, Plaintiff's second objection is overruled.

Objection 3

In Plaintiff's third objection, he argues the Report improperly relies on references to religious exemptions in *Rhoades* filings. (ECF No. 19, p. 9). This objection is without merit. As noted in the Report, "courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." *Zak v. Chelsea Therapeutics Int'l. Ltd.,* 780 F.3d 597, 607 (4th Cir. 2015). "The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (citation modified). Thus, the Magistrate Judge did not err in considering filings in the *Rhoades* matter.

Accordingly, Plaintiff's third objection is overruled.

Objection 4

In Plaintiff's fourth objection, he avers the Report "does not construe ambiguities in Plaintiff's favor at the Rule 12 Motion to Dismiss stage." (ECF No. 19, pp. 9–10). Instead, Plaintiff contends the Report resolves disputed factual inferences, such as whether

---

[5] In his objections, Plaintiff quotes portions *of Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991) averring it stands for the proposition that res judicata will not operate to bar claims that arose during the course of an action. (ECF No. 19, pp. 8–9). However, a review of the case rather than just the portion cited in Plaintiff's objections reveals this case is in no way applicable to this matter as the *Young-Henderson* court determined a consent order allowed claims to survive res judicata by agreement. The portions quoted by Plaintiff were in the context of interpreting the consent order, not the principles of res judicata.

11

Plaintiff's claims are transactionally identical to *Rhoades*, against Plaintiff. *Id.* Insofar as this general objection can be considered specific, it is without merit. The Report does not find the claims were transactionally identical. Rather, the Report contains a thorough analysis of the present claims and the *Rhoades* claims to determine they arose out of the same transaction or series of transactions as required by the Fourth Circuit.

Accordingly, Plaintiff's fourth objection is overruled.

### IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 16). For the reasons discussed above and, in the Report, Defendant's Partial Motion to Dismiss, (ECF No. 5), is granted. Defendant did not move for dismissal of Plaintiff's retaliation claim and, thus, it remains pending. This case shall be referred to the Magistrate Judge for further proceedings as it relates to Plaintiff's remaining claim. Accordingly, the stay issued by this Court, (ECF No. 24), is lifted. The parties are free to request an amended scheduling order from the Magistrate Judge for the further proceedings.

IT IS SO ORDERED.

February 9, 2026                              Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge